UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER MARIO PLUMBING, a California corporation; and DIMITAR DECHEV, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>OLEG BELODEDOV, an individual; PETRU VERHOVETCHI, an individual; 5-STAR PLUMBING, INC., a California corporation,<br><br>Defendants. | No. 2:17–cv–02545–TLN-AC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION** |

This matter is before the Court pursuant to Plaintiffs Super Mario Plumbing ("Super Mario") and Dimitar Dechev's ("Dechev") (collectively, "Plaintiffs") Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause why a preliminary injunction should not issue (ECF No. 9). Defendants are Oleg Belodedov ("Belodedov"), Petru Verhovetchi ("Verhovetchi"), and 5-Star Plumbing ("5-Star") (collectively, "Defendants"). For the reasons detailed below, the Court DENIES Plaintiffs' motion for a temporary restraining order and will consider the motion a motion for a preliminary injunction (ECF No. 9).

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege individual Defendants are former employees of Super Mario. (ECF No. 9-1 at 5.) Plaintiffs allege Defendants founded 5-Star as a competitor to Super Mario, although Plaintiffs allege 5-Star is not licensed as a plumber. (ECF No. 9-1 at 6.) Plaintiffs allege Defendants attempted to sabotage Super Mario's business by trying to bribe Super Mario's dispatcher to send its service calls to 5-Star instead, signing up on Angie's List as a competitor plumber, and posting fake, negative reviews of Plaintiffs' services on-line. (ECF No. 9-1 at 5-6.)

Plaintiffs allege the fake, negative reviews appeared on-line as early as the beginning of November 2017. (ECF No. 9-1 at 5.) Plaintiffs allege their business has been reduced 25% during that time, which they attribute to the reviews. (ECF No. 9-1 at 9.) Plaintiffs allege they have had to reduce the work hours of two employees, from full-time to part-time, due to the reduction in business Plaintiffs attribute to Defendants' alleged conduct. (ECF No. 9-1 at 8.)

Plaintiffs allege they know the reviews are fake because the language in many of the reviews is copied verbatim from older posts about other plumbing companies in different states. (ECF No. 9-1 at 7.) Plaintiffs allege some of the fake reviews sometimes contain the name of the other plumbing company. (ECF No. 9-1 at 9.) Plaintiffs allege they know Defendants are responsible for the fake negative reviews partly because Defendants threatened that action. (ECF No. 9-1 at 6.) Further, Plaintiffs allege Dechev confronted Verhovetchi, who denied responsibility, Dechev confronted both individual Defendants and they laughed, and a Super Mario employee confronted Beledodov and he refused to respond to the accusation. (ECF No. 9-1 at 8-9; ECF No. 9-3 at 2.)

Plaintiffs filed their original complaint on December 1, 2017, and their First Amended Complaint on December 13, 2017. (ECF Nos. 1, 8.) On December 18, 2017, Plaintiffs filed the instant motion for a temporary restraining order moving the Court for an order for Defendants to remove several on-line posts Plaintiffs believe are fake, negative reviews of Plaintiffs' services purporting to be from Plaintiffs' customers, and an order to show cause why a preliminary injunction should not issue. (ECF No. 9 at 1-2.)

///

## II. STANDARD OF LAW

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

///

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

**I.    ANALYSIS**

The party moving for a temporary restraining order must clearly show, in an affidavit or verified complaint, "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This District's Local Rules impose additional requirements for a temporary restraining order. Under Local Rule 231, "courts will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L. R. 231(b). The rule continues, "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." L. R. 231(b).

Nearly 50 days passed between the first posting of a negative review on-line and Plaintiffs filing their motion for a temporary restraining order. (ECF No. 9 at 1; ECF No. 9-1 at 5.) Even when Plaintiffs filed their original complaint and their first amended complaint, they did not

include a motion for a temporary restraining order with either of those filings. (ECF Nos. 1, 8.) Plaintiffs have not shown they require urgent action to avoid an irreparable loss such that this Court must act before Defendants have had an opportunity to respond. The Court concludes that the length of time between the first posting and Plaintiffs' motion contradicts Plaintiffs' allegation of immediate, irreparable injury.

Further, the movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs' attorney has attached a sworn declaration stating Plaintiffs have not informed Defendants of the instant motion because time is of the essence, Plaintiffs suffer damages each day, and Defendants may retaliate against Plaintiffs if they learn of the instant motion. (ECF No. 91-4 at 2.)

As discussed above, Plaintiffs have not shown they will suffer irreparable harm over the next 14 days compared to any harm Plaintiffs might have suffered over the previous 50 days, during which they did not move for a temporary restraining order (but did request injunctive relief as to Plaintiffs' sixth cause of action (ECF No. 1 at ¶¶ 39-42) and tenth cause of action (ECF No. 8 at ¶¶ 71-74), respectively). Additionally, Plaintiffs have not offered any reason why Defendants would retaliate against Plaintiffs on learning of the instant motion but not after learning of the suit and requests for injunctive relief, with which Defendants were served thirteen days before Plaintiffs filed this motion. (ECF Nos. 4, 5, 6.) Finally, Plaintiffs did serve Defendants with copies of the motion on December 18, 2017, the same day Plaintiffs submitted their motion labeled an "ex parte motion" and accompanying declaration stating Plaintiffs could not notify Defendants of the motion without fear of retaliation. (ECF No. 10; ECF No. 9-4 at 2.)

Plaintiffs have not cited any persuasive reason why this Court should rule on a motion for a temporary restraining order before Defendants have had an opportunity to respond. Plaintiffs have also moved the Court to issue a preliminary injunction. (ECF No. 9 at 1-2; ECF No. 9-1 at 5.) Accordingly, the Court will treat Plaintiffs' motion for a temporary restraining order as a motion for preliminary injunction so Defendants may have the opportunity to respond.

///

///

## II. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for a temporary restraining order and will consider the motion a motion for a preliminary injunction (ECF No. 9). Plaintiffs shall serve Defendants with a copy of this Order within 3 days of the date of this Order. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). The Court hereby schedules the motion hearing for 9:30 a.m. on January 17, 2018. For the parties' convenience, the Court notes that under Local Rule 230, any opposition or statement of non-opposition from Defendants must be filed and served no later than 14 days before the noticed hearing date, and any reply by Plaintiffs must be filed and served no later than seven days before that date. L. R. 230(c)-(d).

IT IS SO ORDERED.

Dated: December 26, 2017

Troy L. Nunley
United States District Judge