UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPER MARIO PLUMBING, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OLEG BELODEDOV, et al.,<br><br>Defendants. | No. 2:17-cv-02545 TLN AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiffs' motion for default judgment (ECF No. 25) and defendants' motion to set aside default (ECF No. 28). These motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). Plaintiffs and defendants attended a hearing on November 14, 2018 at 10:00 a.m. ECF No. 36. For the reasons stated below, the court recommends defendants' motion to set aside default be GRANTED and plaintiffs' motion for default judgment be DENIED as moot.

I. Background

Plaintiffs, Super Mario Plumbing and Dimitar Dechev, filed this action on December 1, 2017. ECF No. 1. Defendants were served on December 6, 2017. ECF Nos. 3, 4. Plaintiffs filed a first amended complaint on December 13, 2017. ECF No. 8. On December 18, 2017, plaintiffs filed an ex parte motion for a temporary restraining order and preliminary injunction. ECF No. 9. On December 27, 2017, District Judge Troy L. Nunley denied a TRO, set a briefing schedule for

1

the motion for preliminary injunction, and ordered plaintiffs to serve defendants with a copy of the order within 3 days. ECF No. 11. Judge Nunley set a hearing for January 17, 2018. Id. On January 8, 2018, defendants Oleg Belodedov and Petru Verhovetchi, acting in pro se, filed a letter denying the accusations in the complaint and stating "[a]s all of these accusations are false, we do not see a point of going to court – it is a waste of time and energy. We have families to provide for and we will not waste our time answering to false accusations and inaccurate information." ECF No. 13 at 1. The date and address on the letter indicates that it had originally been sent to plaintiffs' counsel shortly after the lawsuit was filed, on December 12, 2017. Id. On January 11, 2018, Judge Nunley took the matter under submission on the papers, and vacated the hearing date. ECF No. 16. On February 14, 2018, he denied plaintiffs' request for a preliminary injunction. ECF No. 21.

On January 30, 2018, plaintiffs applied for entry of default against all defendants. ECF Nos. 17, 18, 19. On January 31, 2018, the Clerk of Court entered default against all three defendants. ECF No. 20. On August 1, 2018, six months after entry of default, Judge Nunley sua sponte issued a minute order noting the lack of action in this case following the clerk's entry of default, and ordered plaintiffs' counsel to file a declaration on the status of this case or file a motion for default judgment. ECF No. 22. On August 14, 2018, plaintiffs filed a motion for default judgment and noticing the hearing before District Judge Nunley. ECF No. 23. Pursuant to Local Rule 302(c)(19), Judge Nunley vacated the motion with instructions to bring it before the Magistrate Judge. ECF No. 24. On August 31, 2018, plaintiffs filed the present motion for default judgment. ECF No. 25. On September 10, 2018, counsel appeared on behalf of defendants. ECF No. 27. That same day, defendants moved to set aside default. ECF No. 28.

Now pending before the court are plaintiffs' motion for default judgment (ECF No. 25) and defendants' motion to set aside the entries of default (ECF No. 28).

II. Analysis

A. Legal Standard

The Federal Rules provide that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine "good cause," a court must "consider[ ] three factors: (1)

whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004). This standard, which is the same as the one used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default. See id. Crucially, however, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984); see also Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006); Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 890 (9th Cir. 2001); TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695–96 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001). Additionally, "[w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context." Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009) (quotations and citations omitted). This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

B.  There is Ample Good Cause to Set Aside Default in This Case

Entry of default in this case should be set aside because it is clear that (1) defendants did not engage in culpable conduct that lead to the default; (2) defendants have potentially meritorious defenses which they are entitled to litigate; and (3) setting aside default would not prejudice plaintiffs. See Franchise Holding II, LLC, 375 F.3d at 925–26. First, the docket itself makes clear that, prior to retaining counsel, defendants believed they were doing what they needed to do to respond to this action. Although their response was misguided in that it indicated they would not defend the case on the grounds that they believed it was meritless, defendants did in fact file documents responsive to plaintiffs' motion for a temporary restraining order. ECF No. 13. Defendants Belodedov and Verhovetchi have declared that when they received Judge

Nunley's orders denying plaintiffs' motion for a preliminary injunction, they believed they had nothing left to do in this case. ECF Nos. 28-3, 28-4. When defendants became aware that the case was not in fact over, they retained counsel. ECF No. 27. Defendants' unfamiliarity with the legal system does not constitute culpable conduct, especially in light of the fact that they have now retained an attorney and are prepared to fully participate in this action.

Defendants have articulated multiple potential defenses that deserve to be heard in this case, including the theories that defendants Belodedov and Verhovetchi are wrongfully named, and that this court lacks jurisdiction. ECF No. 28-1 at 2, 3.

Finally, lifting the entry of default will not prejudice defendants. To the extent plaintiffs argue they are harmed by delay to this case, see ECF No. 31 at 15, their argument is unpersuasive. Plaintiffs, not defendants, are the ones who waited seven months to move for entry of default judgment after default was entered; the major delay in this case can only reasonably be attributed to plaintiffs. ECF Nos. 20, 25. Once plaintiffs made a proper motion for entry of default judgment, defendants swiftly retained counsel and moved to set aside default. ECF No. 28. The fact that counsel was retained and the motion was made within 10 days of plaintiffs' motion clearly demonstrates that defendants did not unduly delay.[1] There is no prejudice to defendants if default is set aside.

For all these reasons, this case does not present circumstances which overcome the general policy favoring adjudication on the merits. Accordingly, the motion to set aside default should be granted.

C. Plaintiffs' Motion for Default Judgment is Moot

Because defendants' motion to set aside default judgment should be granted, plaintiffs' motion for default judgment (ECF No. 25) must necessarily be denied as moot.

D. Defendants Must Answer

In their motion to set aside default, defendants argue that the court should construe their

---

[1] Accordingly, defendants' motion is not untimely, contrary to plaintiffs' suggestion. ECF No. 31 at 15. Fed. R. Civ. P. 55(c); Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987)(motion for relief from default judgment timely when made less than one year after judgment was entered).

4

opposition to plaintiffs' motion for a temporary restraining order, ECF No. 13, as an answer.  In light of counsel's appearance in this case, the court should decline to do so and instead order counsel to file a proper answer within 14 days of entry of District Judge Nunley's final order on these motions.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED defendants' motion to set aside default (ECF No. 28) be GRANTED and plaintiffs' motion for default judgment (ECF No. 25) be DENIED as moot.  Further, it is recommended that defendants be ordered to file a proper answer to the complaint within 14 days of entry of the District Judge's order on this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 14, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE